1    **BALTODANO & BALTODANO LLP**
     Hernaldo J. Baltodano (SBN 222286)
2    Email: hjb@bbemploymentlaw.com
     Erica Flores Baltodano (SBN 222331)
3    Email: efb@bbemploymentlaw.com
     1411 Marsh Street, Suite 102
4    San Luis Obispo, California 93401
     Phone: (805) 322-3412
5    Fax:    (805) 322-3413

6    **BOREN, OSHER & LUFTMAN**
7    Stephen Z. Boren (SBN 192024)
     Email: sboren@bollaw.com
8    Paul K. Haines (SBN 248226)
     Email: phaines@bollaw.com
9    5900 Wilshire Blvd., Suite 920
     Los Angeles, California 90036
10   Phone:   (323) 937-9900
     Fax:     (323) 937-9910
11   Attorneys for Plaintiff, the Classes,
     and Aggrieved Employees

12

13                  **UNITED STATES DISTRICT COURT**

14

15                  **CENTRAL DISTRICT OF CALIFORNIA**

16

17   FABIO GONZALEZ, as individual, and        Case No: **SACV 13 - 00807 JVS (MRWx)**
18   on behalf of all others similarly situated,
                                                **CLASS, COLLECTIVE AND**
19                  Plaintiff,                  **REPRESENTATIVE ACTION**
                                                **COMPLAINT:**
20         vs.
                                                **(1) FAILURE TO PAY ALL**
21   UNIVERSAL ALLOY CORPORATION,                   **OVERTIME WAGES (LABOR**
22   a California Corporation; and DOES 1           **CODE §§ 204, 510, 558, 1194,**
     through 10,                                    **1198);**
23
                                                **(2) FAIR LABOR STANDARDS**
24                  Defendants                       **ACT, (29 U.S.C. § 201 et seq.);**

25                                              **(3) MINIMUM WAGE**
                                                    **VIOLATIONS (LABOR CODE**
26                                                  **§§ 1182.12, 1194, 1194.2, 1197);**

27                                              **(4) REST PERIOD VIOLATIONS**
                                                    **(LABOR CODE § 226.7, 516,**
28                                                  **558);**

                                                **(5) MEAL PERIOD VIOLATIONS**
                                                    **(LABOR CODE §§ 226.7, 512,**
                                                    **558);**

                                        1

(6) **WAGE STATEMENT VIOLATIONS (LABOR CODE § 226 *et seq.*);**

(7) **WAITING TIME PENALTIES (LABOR CODE §§ 201 – 203);**

(8) **FAILURE TO MAINTAIN ACCURATE RECORDS (LABOR CODE §§ 1174, 1174.5);**

(9) **UNFAIR COMPETITION (BUS & PROF CODE § 17200 *et seq.*);**

(10) **CIVIL PENALTIES UNDER THE PRIVATE ATTORNEYS GENERAL ACT (LABOR CODE § 2698 *et seq.*)**

**DEMAND FOR JURY TRIAL**
**UNLIMITED CIVIL CASE**

Plaintiff Fabio Gonzalez ("Plaintiff") on behalf of himself and all others similarly situated, hereby brings this Class, Collective and Representative Action Complaint against Defendants Universal Alloy Corporation and DOES 1 to 10 (collectively "Defendants"), inclusive, and on information and belief alleges as follows:

## JURISDICTION

1.      Plaintiff, on behalf of himself and all others similarly situated, hereby brings this class, collective, and representative action for recovery of unpaid wages and penalties under the Fair Labor Standards Act ("FLSA"), California Business and Professions Code §17200, *et. seq.*, California Labor Code §§ 201-204, 210, 216, 226, 226.3, 226.7, 510, 512, 516, 558, 1174, 1182.12, 1194, 1194.2, 1197, 1198, 2698 *et seq.*, and Industrial Welfare Commission Wage Order No. 1 ("IWC Wage Order"), in addition to seeking injunctive relief, declaratory relief, and restitution.

2.     This Court has jurisdiction over Defendants' violations of the FLSA pursuant to 29 U.S.C. § 216 and 28 U.S.C. § 1331 because the action asserts rights arising under federal law.  This Court has jurisdiction over Defendants' violations of the California Labor Code sections set forth in the immediately preceding paragraph, California Business and Professions Code and IWC Wage Order, because these claims derive from the same common nucleus of operative facts as Plaintiff's claims alleged under the FLSA.

## VENUE

3.     Venue is proper under 28 U.S.C. 1391 because Defendants do business in Orange County and the acts alleged herein took place in Orange County.  Further Plaintiff does now, and at all times relevant herein did, reside in Los Angeles County and was employed by Defendants within Orange County. Defendants are also subject to the personal jurisdiction of this Court pursuant to 28 U.S.C. 1391(c), because at least some of them operate businesses where they employed Plaintiff within the Central District of California.

## PARTIES

4.     Plaintiff is an individual over the age of eighteen (18).  At all relevant times herein, Plaintiff was and currently is a California resident, residing in the county of Los Angeles.  During the four years immediately preceding the filing of the Complaint in this action and within the statute of limitations periods applicable to each cause of action pled therein, Plaintiff was employed by Defendants as an hourly non-exempt employee.  Plaintiff was, and is, a victim of Defendants' policies and/or practices complained, lost money and/or property, and has been deprived of the rights guaranteed to him by the FLSA, California Labor Code §§ 201-204, 210, 216, 226, 226.3, 226.7, 510, 512, 516, 558, 1174, 1194, 1194.2, 1197, 1198, 2698 *et seq.*, California Business and Professions Code § 17200 *et seq.*

Class, Collective and Representative Action Complaint

(Unfair Competition), and IWC Wage Order 1-2001"), which sets employment standards for the manufacturing industry.

5.      Plaintiff is informed and believes, and based thereon alleges, that during the four years preceding the filing of the Complaint and continuing to the present, Defendants did (and do) business by owning and operating a manufacturing facility that manufactures aluminium extrusions for aircraft manufacturers in Anaheim, California, and employed Plaintiff and other, similarly-situated hourly non-exempt employees within Orange County and, therefore, were (and are) doing business in Orange County and the State of California.  Plaintiff is further informed and believes that Defendant also maintains manufacturing plants in Canton, Georgia, and Wichita, Kansas, which employ individuals that are similarly-situated to Plaintiff for purposes of his claims under the FLSA.

6.      Plaintiff is informed and believes, and thereon alleges, that at all times mentioned herein, Defendant Universal Alloy Corporation is a California corporation licensed to do business in California and the County of Orange, and is or was the employer of Plaintiff and the Classes (as defined in Paragraph 22).

7.      Each defendant acted as an agent, servant, employee, or alter ego for each of the other defendants and in doing so, each defendant acted within the course, scope and under its authority as an agent, servant, employee, or alter ego of every other defendant.  Each defendant ratified, permitted, consented to, or otherwise authorized and adopted the alleged acts and/or omissions of, and any statements made by, the other defendants.

8.      Each defendant is in some manner legally responsible for the acts and liabilities alleged herein, and any harm or damages sustained by Plaintiff was and continues to be the direct, proximate, and foreseeable result of the acts and/or omissions of defendants, and each of them.

9.     Plaintiff does not know the true names, capacities, relationships and/or the extent of participation of Defendants DOES 1 through 10, inclusive, in the conduct alleged in the Complaint.  For that reason, Defendants DOES 1 through 10, inclusive, are sued under such fictitious names.  Plaintiff prays for leave to amend this Complaint when the true names and capacities are known. Plaintiff is informed and believes, and based thereon alleges, that each fictitiously named defendant is and was responsible in some way for the alleged wage and hour violations and other wrongful conduct which subjected Plaintiff and the classes, as defined below, to the illegal employment practices, wrongs and injuries complained of herein.

## GENERAL FACTUAL ALLEGATIONS

10.     From approximately May 1996 until approximately June 2, 2012, Plaintiff was employed by Defendants as a non-exempt employee at its manufacturing facility located in Anaheim, California, located in the County of Orange.

11.     During Plaintiff's employment with Defendants, Plaintiff routinely worked more than eight hours per work day and/or more than forty hours per work week, but did not receive overtime compensation equal to one and a half times his regular rate of pay for working overtime hours.  Specifically, Plaintiff received various forms of non-discretionary incentive pay, such as performance bonuses, attendance bonuses, annual bonuses, profit-sharing bonuses, car pool credits, "economic benefits," "fringe benefits" and/or other forms of pay which are not excludable under California Law and the FLSA when calculating an employee's regular rate (hereinafter the aforementioned forms of pay are collectively referred to as "Incentive Pay").

12.     Despite Defendants' payment of Incentive Pay to Plaintiff, Defendants failed to include all forms of Incentive Pay when calculating Plaintiff's

Class, Collective and Representative Action Complaint

regular rate of pay, thereby causing Plaintiff to be underpaid all of his required overtime wages.   Rather, Plaintiff was only paid one and a half times his base rate, which was not equal to one and a half times the regular rate, as Defendants failed to include the various forms of Incentive Pay earned during corresponding periods that were required to be included in the regular rate, but were not.

13.   Additionally, at times during his employment, Plaintiff worked at different rates of pay during a pay period, but when he was paid overtime, he was only paid overtime at the rate-in-effect as opposed to the regular rate of pay.  This further resulted in Plaintiff not being paid one and a half the regular rate of pay during his employment.

14.   In addition to miscalculating Plaintiff's regular rate of pay, which resulted in the underpayment of Plaintiff's overtime wages, Defendants also failed to pay for all overtime hours worked by Plaintiff due to Defendant's uniform and one-way rounding policy/practice that solely benefited Defendants.  Specifically, Plaintiff's time card detail, which reflect the times that Plaintiff clocked in and out for work, evidence that irrespective of the number of number of hours actually worked by Plaintiff, Plaintiff was almost always paid for a lesser amount of hours. Upon information and belief, Plaintiff contends that Defendants only paid Plaintiff for the hours that he was scheduled to work, as opposed to the hours that he actually worked.  Upon information and belief, Plaintiff contends that Defendants had a policy or practice of automatically deducting time worked by Plaintiff from his daily time records.  These policies and/or practices of Defendants has resulted, over a period of time, in the failure to properly compensate Plaintiff for all hours worked, thereby depriving him of all required minimum and additional overtime wages earned.

15.   Per Section 7(A)(3) of Wage Order No. 1, Defendants had an affirmative obligation to keep "time records showing when the employee begins

6

and ends each work period.  Meal periods…and total daily hours worked shall also be recorded."  Notwithstanding this requirement, Defendants did not require or even request that Plaintiff record the times that he was taking a meal period.  As such, Defendants' timekeeping records for Plaintiff do not reflect any punch out or in records for a meal period.  Rather, Defendants' timekeeping records only reflect the start and end of Plaintiff's workday.

16.    Moreover, Defendants' "meal period policy," which only states that Defendants "provide meal periods in conformance with the laws," does not impose any requirement on Plaintiff to clock out for meal periods.  Similarly, Defendants' timekeeping policy only requires employees "to clock in when they report to work and to clock out promptly at the end of their shift."  As such, Defendants' policies fail to conform with Section 7(A)(3) of Wage Order No. 1, as Defendants do not require or even request that Plaintiff and other non-exempt employees keep records of their meal periods.  Further, Plaintiff contends that Defendants' meal period policy as written does not constitute a valid meal period policy as it only states that it "provides meal periods in conformance with the laws," without reference to any laws whatsoever.

17.    Moreover, Plaintiff was often required to work in excess of ten hours per day during his employment with Defendants.   Due to Defendants' failure to maintain any policy regarding the provision of second meal periods for shifts worked in excess of ten hours, Plaintiff never received a second meal period for shifts worked in excess of ten hours.

18.    Defendants also failed to provide Plaintiff with all rest breaks to which he was entitled due to Defendants' failure to maintain a valid rest period policy.  Specifically, Defendants' rest period policy only states that it "provides rest periods in conformance with the laws," without reference to any laws whatsoever.

Class, Collective and Representative Action Complaint

19.     Moreover, upon information and belief, prior to August 2010, Defendants failed to maintain any meal or rest period policies whatsoever.

20.     Despite Defendants' failure to provide Plaintiff with all rest and meal periods to which they were legally entitled due to their uniform and unlawful "policies," Defendants never provided Plaintiff with an hour of pay at his regular rate for each meal and rest period violation as required by Labor Code § 226.7.

21.     As a result of Defendants' failure to pay all overtime and minimum wages, and failure to pay rest and meal period premium pay, Defendants maintained inaccurate payroll records and issued inaccurate wage statements to Plaintiff.

## CLASS AND COLLECTIVE ACTION ALLEGATIONS

22.     Class Definitions: Plaintiff brings this action on behalf of himself and the following Classes pursuant to Rule 23 of the Rules of Federal Procedure and the FLSA:

a.     The California Overtime Class consists of all Defendants' current and former hourly non-exempt employees in California who: (1) worked more than 8 hours per day and/or 40 hours per week and received Incentive Pay during a corresponding time period; and/or (2) worked more than 8 hours per day and/or 40 hours per week and earned different rates of pay during the same workweek; and/or (3) were not paid for all overtime hours worked due to Defendants' one-way rounding policy/practice, during the four years immediately preceding the filing of the Complaint through the present.

b.     The FLSA Class consists of all Defendants' current and former hourly non-exempt employees in the United States who: (1) worked more than 40 hours per week and received Incentive Pay during a corresponding time period; and/or (2) worked more than 40 hours per week and earned different rates of pay during the same workweek; and/or (3) were not paid for all hours worked

1   (including but not limited to overtime hours) due to Defendants' one-way rounding

2   policy/practice, during the three years immediately preceding the filing of the

3   original Complaint through the present.

4        c.    The Minimum Wage Class consists of all Defendants' current and

5   former hourly non-exempt employees in California during the four years

6   immediately preceding the filing of the original Complaint through the present

7   were not paid for all overtime hours worked due to Defendants' one-way rounding

8   policy/practice.

9        d.    The Rest Period Class consists of all Defendants' current and former

10  hourly non-exempt employees in California who were not provided with all rest

11  periods to which they were legally entitled due to Defendants' uniform "rest period

12  policy."

13

14       e.    The Meal Period Class consists of all Defendants' current and former

15  hourly non-exempt employees in California for whom Defendants failed to provide

16  all required meal periods due to Defendants' uniform "meal period policy," and/or

17  keep accurate records of the times of their meal periods during the four years

18  immediately preceding the filing of the Complaint through the present.

19       f.    The Wage Statement Class consists of: (1) members of the California

20  Overtime Class, for whom Defendants failed to pay all overtime wages; and/or (2)

21  members of the Minimum Wage Class, for whom Defendants failed to pay all

22  minimum wages; and/or (3) members of the Rest Period Class, for whom

23  Defendants failed to provide all required rest periods or pay required premium pay

24  in lieu thereof; and/or (4) members of the Meal Period Class, for whom Defendants

25  failed to provide all required meal periods or premium pay in lieu thereof; and/or

26  (5) Defendants' current and former hourly non-exempt employees in California

27  who received wage statements that did not contain all items required by Labor

28  Code section 226(a), such as the correct rates of pay and correct net and gross

wages, during the one year immediately preceding the filing of the original Complaint through the present.

g. The Waiting Time Penalty Class consists of Defendants' formerly employed members of the: (1) California Overtime Class, for whom Defendants failed to pay all overtime wages; (2) Minimum Wage Class, for whom Defendants failed to pay all minimum wages; (3) Rest Period Class, for whom Defendants failed to provide all required rest periods or pay required premium pay in lieu thereof; and/or (4) members of the Meal Period Class, for whom Defendants failed to provide all required meal periods or premium pay in lieu thereof, during the three years immediately preceding the filing of the Complaint through the present.

23. **Numerosity/Ascertainability:** The members of the Classes are so numerous that joinder of all members would be unfeasible and not practicable. The membership of the classes and subclasses are unknown to Plaintiff, at this time; however, it is estimated that the Classes number greater than three hundred (300) individuals as to each Class. The identity of such membership is readily ascertainable via inspection of Defendants' employment records.

24. **Common Questions of Law and Fact Predominate/Well Defined Community of Interest:** There are common questions of law and fact as to Plaintiff and all other similarly situated employees, which predominate over questions affecting only individual members including, without limitation to:

i. Whether Defendants violated the applicable Labor Code provisions including, but not limited to §§510 and1194, by requiring overtime work and not paying for said work according to the overtime laws of the State of California;

ii. Whether Defendants failed to properly include all forms of compensation when computing the respective regular rates for members of the California and FLSA Overtime Classes;

iii.   Whether Defendants' policies and/or practices for determining the regular rate of pay for purposes of overtime compensation to the Overtime Class violated California law and/or the FLSA;

iv.   Whether Defendants' policies and/or practices for rounding hours worked resulted, over a period of time, in the failure to properly compensate members of California Overtime Class, FLSA Overtime Class, and Minimum Wage Class;

v.   Whether Defendants failed to keep legally compliant records for the members of the Wage Statement Class pursuant to Labor Code 226;

vi.   Whether Defendants' policies and/or practices for the timing and amount of payment of final wages to members of the Waiting Time Class at the time of separation from employment were unlawful;

vii.   Whether Defendants' rest break policy is unlawful, thereby depriving members of the Rest Period Class of all rest breaks to which they are entitled as a matter of law;

viii.   Whether Defendants' meal break policy is unlawful, thereby depriving members of the Meal Period Class of all meal periods to which they are entitled as a matter of law;

25.   **Predominance of Common Questions:**  Common questions of law and fact predominate over questions that affect only individual members of the Classes.  The common questions of law set forth above are numerous and substantial and stem from Defendants' policies and/or practices applicable to each individual class member, such as their one-way rounding policies and practices, uniform method of calculating overtime payments for the members of the California and FLSA Overtime Classes, and their uniform implementation of an unlawful rest and meal period policy that fails to set forth Defendants' legal requirements or even reference the IWC Wage Order.  As such, these common

11

questions predominate over individual questions concerning each individual class member's showing as to his or her eligibility for recovery or as to the amount of his or her damages.

26.   **Typicality:**  The claims of Plaintiff is typical of the claims of the Classes because Plaintiff was employed by Defendants as an hourly non-exempt employee in California and the United States during the statutes of limitation applicable to each cause of action pled in the Complaint in this action.  As alleged herein, Plaintiff, like the members of the Classes, was deprived of all overtime and minimum wages, was not provided with all rest and meal periods, failed to receive premium pay for rest and meal period violations, was furnished with inaccurate and incomplete wage statements, and was not paid all wages owed at the time of termination.

27.   **Adequacy of Representation:**  Plaintiff is fully prepared to take all necessary steps to represent fairly and adequately the interests of the members of the Classes.  Moreover, Plaintiff's attorneys are ready, willing and able to fully and adequately represent the members of the Classes and Plaintiff.  Plaintiff's attorneys have prosecuted and defended numerous wage-and-hour class actions in state and federal courts in the past and are committed to vigorously prosecuting this action on behalf of the members of the classes.

28.   **Superiority:**  The California Labor Code is broadly remedial in nature and serves an important public interest in establishing minimum working conditions and standards in California.  Similarly, the FLSA is remedial in nature and serves an important public interest in establishing minimum working conditions and standards through the United States.  These laws and labor standards protect the average working employee from exploitation by employers who have the responsibility to follow the laws and who may seek to take advantage of superior economic and bargaining power in setting onerous terms and conditions

of employment. The nature of this action and the format of laws available to Plaintiff and members of the Classes make the class action format a particularly efficient and appropriate procedure to redress the violations alleged herein. If each employee were required to file an individual lawsuit, Defendants would necessarily gain an unconscionable advantage since they would be able to exploit and overwhelm the limited resources of each individual plaintiff with their vastly superior financial and legal resources. Moreover, requiring each member of the Classes to pursue an individual remedy would also discourage the assertion of lawful claims by employees who would be disinclined to file an action against their former and/or current employer for real and justifiable fear of retaliation and permanent damages to their careers at subsequent employment. Further, the prosecution of separate actions by the individual class members, even if possible, would create a substantial risk of inconsistent or varying verdicts or adjudications with respect to the individual class members against Defendants herein; and which would establish potentially incompatible standards of conduct for Defendants; and/or legal determinations with respect to individual class members which would, as a practical matter, be dispositive of the interest of the other class members not parties to adjudications or which would substantially impair or impede the ability of the class members to protect their interests. Further, the claims of the individual members of the class are not sufficiently large to warrant vigorous individual prosecution considering all of the concomitant costs and expenses attending thereto.

29.   As such, the Rule 23 Classes identified in Paragraph 23 are maintainable as a Class under Rule 23(b)(1) and/or Rule 23(b)(3).

///

///

///

## FIRST CLAIM

### FAILURE TO PAY OVERTIME WAGES

### (AGAINST ALL DEFENDANTS)

30.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 29 as though fully set forth herein.

31.    This cause of action is brought on behalf of the California Overtime Class pursuant to Labor Code §§ 204, 510, 558, 1194, and 1198, which provide that non-exempt employees are entitled to all overtime wages and compensation for hours worked, and provide a private right of action for the failure to pay all overtime compensation for overtime work performed.

32.    Plaintiff and members of the California Overtime Class worked overtime hours and were paid various forms of Incentive Pay, which are not statutory exclusions when calculating an employee's regular rate.  At all times relevant herein, Defendants were required to properly compensate hourly non-exempt employees, including Plaintiff and members of the Overtime Class, for all overtime hours worked pursuant to California Labor Code § 1194 and IWC Wage Order No. 1-2001.  Wage Order 1-2001, § 3 requires an employer to pay an employee "one and one-half (1½) times the employee's regular rate of pay" for work in excess of 8 hours per work day and/or in excess of 40 hours of work in the workweek.  Wage Order 1-2001, § 3 also requires an employer to pay an employee double the employee's regular rate of pay for work in excess of 12 hours each work day and/or for work in excess of 8 hours on the seventh consecutive day of work in the workweek.

33.    Plaintiff is informed and believes, and based thereon alleges that, Defendants regularly and systematically, as a policy and practice, miscalculated the overtime rate of pay by failing to properly include the various forms of Incentive Pay paid to Plaintiff and members of the California Overtime Class,

14

which are not statutory exclusions when calculating an employee's regular rate of pay. Rather, Plaintiff and members of the California Overtime Class were only paid one and a half times their base rate, which was not equal to the regular rate, as Defendants failed to include the various forms of Incentive Pay earned during corresponding periods that were required to be included in the regular rate, but were not. Additionally, Defendants failed to properly calculate the regular rate of pay when an employee worked at two or more different rates of pay during a workweek. Moreover, Defendants regularly, systematically, and impermissibly rounded their hours worked by Plaintiff and members of the California Overtime Class solely to Defendants' benefit, which resulted, over a period of time, in the failure to properly compensate them for all overtime hours worked. Accordingly, Plaintiff and members of the California Overtime Class were not compensated for all overtime hours worked, nor were they compensated at the correct overtime rates of pay for all overtime hours worked.

34.    Defendants' policy and practice of requiring overtime work and not paying for all overtime hours and failing to compensate such hours at the correct overtime rates for said work violates California Labor Code §§ 204, 210, 216, 510, 558, 1194, and 1198, and IWC Wage Order No. 1.

35.    The foregoing policies and practices are unlawful and create an entitlement to recovery by Plaintiff and members of the California Overtime Class in a civil action for the unpaid amount of overtime premiums owing, including interest thereon, statutory penalties, civil penalties, attorney's fees, and costs of suit according to California Labor Code §§ 204, 210, 216, 510, 558, 1194, 1198, 2698 *et seq.*, and Code of Civil Procedure § 1021.5.

///

///

///

Class, Collective and Representative Action Complaint

## SECOND CLAIM

### FLSA VIOLATIONS

### (AGAINST ALL DEFENDANTS)

36.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 35 as though fully set forth herein.

37.     This cause of action is brought pursuant to 29 U.S.C. §§ 206 and 207, which requires employers to pay all non-exempt employees the federal minimum wage for all hours worked, and one and one-half times the regular rate of pay for all hours worked in exceed of 40 per workweek.

38.     Plaintiff and members of the FLSA Class worked hours for which they were not paid due to Defendants' one-way rounding policy practice. Plaintiff and members of the FLSA Class also worked in excess of 40 hours per workweek, earned overtime compensation, and received various forms of Incentive Pay, which are not exclusions when calculating the regular rate of pay.

39.     Plaintiff is informed and believes, and based thereon alleges that, Defendants regularly and systematically, as a policy and practice, miscalculated the overtime rate of pay by failing to properly include the various forms of Incentive Pay paid to Plaintiff and members of the FLSA Class, which are not statutory exclusions when calculating an employee's regular rate of pay. Rather, Plaintiff and members of the FLSA Class were only paid one and a half times their base rate, which was not equal to the regular rate, as Defendants failed to include the various forms of Incentive Pay earned during corresponding periods that were required to be included in the regular rate, but were not. Additionally, Defendants failed to properly calculate the regular rate of pay when an employee worked at two or more different rates of pay during a workweek. Moreover, Defendants regularly, systematically, and impermissibly rounded the hours worked of Plaintiff and members of the FLSA Class which resulted, over a period of time, in the failure to properly compensate them with all required wages,

16

including but not limited to overtime wages. Accordingly, Plaintiff and members of the FLSA Class were not paid for all hours worked, nor were they compensated at the appropriate rates of overtime pay for all hours worked.

40. Defendants' policy and practice of failing to pay for all hours worked, and requiring overtime work but not paying at the proper overtime rate for said work violates the FLSA's requirements including, but not limited to 29 U.S.C. §§ 206 and 207.

41. Defendants' policies and practices, as alleged, constitute a wilful violation of the FLSA, within the meaning of 29 U.S.C. § 255.

42. Defendants' aforementioned violations create an entitlement to recovery by Plaintiff and members of the FLSA Class in a civil action for the unpaid amount of wages and overtime premiums owing, including liquidated damages, attorneys' fees and costs, per 29 U.S.C. § 216 and interest thereon.

## THIRD CLAIM

### MINIMUM WAGE VIOLATIONS

### (AGAINST ALL DEFENDANTS)

44. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 42 as though fully set forth herein.

45. Wage Order 1-2001, § 4 and California Labor Code §§ 1197 and 1182.12 establish the right of employees to be paid minimum wages for all hours worked, in amounts set by state law. Labor Code §§ 1194(a) and 1194.2(a) provide that an employee who has not been paid the legal minimum wage as required by Labor Code § 1197 may recover the unpaid balance together with attorneys' fees and costs of suit, as well as liquidated damages in an amount equal to the unpaid wages and interest accrued thereon.

46. At all relevant times herein, Defendants failed to conform their pay practices to the requirements of the law. This unlawful conduct includes, but is not

limited to, regularly and systematically, as a policy and practice, impermissibly rounding the hours worked by Plaintiff and members of the Minimum Wage Class such that, over a period of time, resulted in the failure to compensate them for all hours actually worked.  Accordingly, Plaintiff and members of the Minimum Wage Class were not compensated for all hours worked including, but not limited to, all hours they were subject to the control of Defendants and/or suffered or permitted to work under the California Labor Code and applicable  Industrial Welfare Commission wage order(s).

47.    Defendants' policy and practice of not paying all minimum wages violates California Labor Code §§ 204, 210, 216, 558, 1182.12, 1197.1, 1198, 2698 *et seq.*, and the applicable Industrial Welfare Commission wage order(s).

48.    Such a practice and uniform administration of corporate policy regarding illegal employee compensation is unlawful and creates an entitlement to recovery by Plaintiff and members of the Minimum Wage Class in a civil action for the unpaid amount of minimum wages, liquidated damages, including interest thereon, statutory penalties, civil penalties, attorney's fees, and costs of suit according to California Labor Code §§ 204, 210, 216, 558, 1194, 1198, 2698 *et seq.*, and Code of Civil Procedure § 1021.5.

49.    As a consequence of Defendants' non-payment of minimum wages, Plaintiff and members of the Minimum Wage Class seek penalties pursuant to the IWC Wage Order No. 1, § 20(A) and California Labor Code § 1199; interest pursuant to California Labor Code §§ 218.6 and 1194 and Civil Code §§ 3287 and 3289; liquidated damages pursuant to California Labor Code § 1194.2; attorneys' fees and costs of suit pursuant to California Labor Code § 1194 et seq.; and damages and/or penalties pursuant to California Labor Code § 558(a).

///

///

Class, Collective and Representative Action Complaint

## FOURTH CLAIM
### REST PERIOD VIOLATIONS
### (AGAINST ALL DEFENDANTS)

50.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 49 as though fully set forth herein.

51.    Wage Order 1-2001, § 12 and California Labor Code §§ 226.7, 516 and 558 establish the right of employees to be provided with a rest period of at least ten (10) minutes for each four (4) hour period worked, or major fraction thereof.

52.    Plaintiff is informed and believes that Defendants failed to make rest periods available to non-exempt employees and maintained an unlawful, class-wide rest period policy, which only states that it "provides rest periods in conformance with the laws," without reference to any laws whatsoever.

53.    As a result of Defendants' failure to make rest periods available to non-exempt employees and unlawful, class-wide rest period policy that fails to provide all required rest periods as it fails to provide rest periods as required by the Wage Order, Plaintiff and members of the Rest Period Class were not provided with all rest periods to which they were entitled under California law.  Despite Defendants' violations, Defendants did not pay an additional hour of pay to Plaintiff and the Rest Period Class at their regular rate of pay as required by Labor Code section 226.7.

54.    The foregoing policies and practices are unlawful and create an entitlement to recovery by Plaintiff and members of the Rest Period Class in a civil action for the unpaid amount of rest period premiums owing, including interest thereon, statutory penalties, civil penalties, attorney's fees, and costs of suit according to California Labor Code §§ 226.7, 516, 558, and Civil Code §§ 3287(b) and 3289.

## FIFTH CLAIM

## MEAL PERIOD VIOLATIONS

## (AGAINST ALL DEFENDANTS)

55.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 54 as though fully set forth herein.

56.    Defendants failed in their affirmative obligation to provide all of their hourly non-exempt employees, including Plaintiff and members of the Meal Period Class, with proper meal periods in accordance with the mandates of the California Labor Code and IWC Wage Order 1-2001.  As such, Defendants are responsible for paying premium pay at the employees' respective regular rate of pay for meal period violations pursuant to Labor Code §§ 226.7, 512, and 558, and IWC Wage Order No. 1-2001.

57.    Plaintiff is informed and believes that Defendants maintained an unlawful, class-wide meal period policy, which only states that it "provides meal periods in conformance with the laws," without reference to any laws whatsoever. Further, per Section 7(A)(3) of Wage Order No. 1, Defendants had an affirmative obligation to keep "time records showing when the employee begins and ends each work period.  Meal periods...and total daily hours worked shall also be recorded." Notwithstanding this requirement, Defendants did not require or even request that Plaintiff or members of the Meal Period Class record the times that they were taking a meal period.  As such, Defendants' timekeeping records for Plaintiff and members of the Meal Period Class do not reflect any punch out or in records for a meal period.  Rather, Defendants' timekeeping records only reflect the start and end of the workday.   Moreover, Defendant failed to provide a second meal period for shifts worked greater than ten hours.

58.    Despite Defendants' violations, Defendants did not pay an additional hour of pay to Plaintiff and the Meal Period Class at their respective regular rates of pay per California Labor Code §§ 204, 210, 226.7, and 512.

59.    The foregoing policies and practices are unlawful and create an entitlement to recovery by Plaintiff and members of the Meal Period Class in a civil action for the unpaid amount of meal period premiums owing, including interest thereon, statutory penalties, civil penalties, attorney's fees, and costs of suit according to California Labor Code §§ 226.7, 512, 516, 558, and Civil Code §§ 3287(b) and 3289.

## SIXTH CLAIM

## WAGE STATEMENT VIOLATIONS

## (AGAINST ALL DEFENDANTS)

60.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 59 as though fully set forth herein.

61.    Plaintiff is informed and believes, and based thereon alleges that, Defendants knowingly and intentionally, as a matter of uniform policy and practice, failed to furnish him and members of the Wage Statement Class with accurate and complete wage statements regarding their regular rates of pay, rates of overtime pay, total gross wages earned, rest period premiums, meal period premiums, and total net wages earned, in violation of Labor Code § 226.

62.    Defendants' failure to furnish Plaintiff and members of the Wage Statement Class with complete and accurate itemized wage statements resulted in actual injury, as said failures led to, among other things, the non-payment of all their overtime wages, rest period premiums, meal period premiums, and deprived them of the information necessary to identify the discrepancies in Defendants' reported data.

63.    Defendants' failures creates an entitlement to recovery by Plaintiff and members of the Wage Statement Class in a civil action for all damages and/or penalties pursuant to Labor Code § 226, including statutory penalties, civil

penalties, reasonable attorney's fees, and costs of suit according to California Labor Code §§ 226 and 226.3.

## SEVENTH CLAIM
### WAITING TIME PENALTIES
### (AGAINST ALL DEFENDANTS)

64.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 63 as though fully set forth herein.

65.     This cause of action is brought pursuant to Labor Code §§ 201-203 which require an employer to pay all wages immediately at the time of termination of employment in the event the employer discharges the employee or the employee provides at least 72 hours of notice of his/her intent to quit.  In the event the employee provides less than 72 hours of notice of his/her intent to quit, said employee's wages become due and payable not later than 72 hours upon said employee's last date of employment.

66.     Defendants failed to timely pay Plaintiff and members of the Waiting Time Class all of their final wages at the time of termination which includes, among other things, overtime and minimum wages, rest period premiums, and meal period premiums.  Further, Plaintiff is informed and believes, and based thereon alleges, that as a matter of uniform policy and practice, Defendants continue to fail to pay members of the Waiting Time Class all earned wages at the end of employment in a timely manner pursuant to the requirements of Labor Code §§ 201-203.  Defendants' failure to pay all final wages was and is willful within the meaning of Labor Code § 203.

67.     Defendants' wilful failure to timely pay Plaintiff and members of the Waiting Time Class their earned wages upon separation from employment results in a continued payment of wages up to thirty (30) days from the time the wages were due.  Therefore, Plaintiff and members of the Waiting Time Class are

entitled to compensation pursuant to Labor Code § 203, plus reasonable attorneys' fees and costs of suit.

### EIGHTH CLAIM

### FAILURE TO MAINTAIN ACCURATE RECORDS

### (AGAINST ALL DEFENDANTS)

68.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 67 as though fully set forth herein.

69.     California Labor Code § 1174 requires California employers to keep records showing the names and addresses of all employees employed, and to keep at a central location in the State of California or at the plants or establishments which employees are employed, payroll records showing the hours worked daily by, and the wages paid to, all employees employed at the respective plants or establishments. IWC Wage Order No. 1, § 7(A)(3) further requires employers to keep accurate time records showing when the employee begins and ends each work period. Under § 7(A)(5), employers must also record each employee's total hours worked and applicable rates of pay, and must make such information "readily available" to the employee upon request.

70.     Defendants' policies and/or practices of failing to pay overtime and minimum wages, failing to correctly calculate the regular rate of pay for the California Overtime Class, failing to pay rest period premiums for the Rest Period Class, failing to pay meal period premiums for the Meal Period Class, and failing to include all required information on the wage statements of the Wage Statement Class, have caused these individuals to suffer and they will continue to suffer actual economic harm from the violations set forth above, as they have been, and will continue to be, precluded from accurately monitoring the wages to which they are entitled, have been required to retain counsel and other experts or consults to evaluate and calculate unpaid wages, and have suffered delays in receiving the

wages and interest that are due and owing to them. Defendants' ongoing violations of the aforementioned recordkeeping laws have caused and will continue to cause, irreparable harm to Plaintiff and members of the above classes because as long as Defendants fail to maintain required records, these individuals will be unable to determine or demonstrate the precise number of hours actually worked, unpaid wages and penalties owed to them.

71.     By willfully failing to maintain the records required by California Labor Code § 1174(c), or accurate and complete records required by § 1174(d), Defendants are also liable for a civil penalty of $500 for each violation under § 1174.5, which is recoverable by Plaintiff through the Private Attorneys General Act.

## NINTH CLAIM

### UNFAIR COMPETITION

### (AGAINST ALL DEFENDANTS)

72.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 71 as though fully set forth herein.

73.     Defendants have engaged and continue to engage in unfair and/or unlawful business practices in California in violation of California Business and Professions Code § 17200 et seq., by: (a) failing to pay Plaintiff and members of the California Overtime Class all overtime wages owed due to the miscalculation of the regular rate of pay; (b) failing to pay Plaintiff and members of the California Overtime and Minimum Wage Class all overtime and minimum wages owed due to their rounding practices; (c) knowingly failing to furnish Plaintiff and members of the Wage Statement Class with accurate and complete wage statements in violation of Labor Code § 226; (d) willfully failing to timely pay Plaintiff and members of the Waiting Time Class all final wages upon termination of employment; (e) failing to keep accurate records of the time worked and applicable

hourly rates for Plaintiff and members of the Record Keeping Class; (f) failing to provide Plaintiff and members of the Rest Period Class with all rest periods to which they are entitled, or failing to pay them rest period premiums at the employee's regular rate of pay in lieu thereof when a rest period was not provided; and (g) failing to provide Plaintiff and members of the Meal Period Class with all meal periods to which they are entitled, or failing to pay them meal period premiums at the employee's regular rate of pay in lieu thereof when a meal period was not provided.

74.     Defendants' utilization of these unfair and/or unlawful business practices deprived Plaintiff and continues to deprive members of the classes of compensation to which they are legally entitled, constitutes unfair and/or unlawful competition, and provides an unfair advantage over Defendants' competitors who have been and/or are currently employing workers and attempting to do so in honest compliance with applicable wage and hour laws.

75.     Because Plaintiff was and is a victim of Defendants' unfair and/or unlawful conduct alleged herein, Plaintiff for himself and on behalf of the members of the Classes, seeks full restitution of monies, as necessary and according to proof, to restore any and all monies withheld, acquired and/or converted by the Defendants pursuant to Business and Professions Code §§ 17203 and 17208.

76.     The acts complained of herein occurred within the last four years immediately preceding the filing of the Complaint in this action.

77.     Plaintiff was compelled to retain the services of counsel to file this court action to protect his interests and those of the Classes, to obtain restitution, to secure injunctive relief on behalf of Plaintiff and Defendants' other current hourly non-exempt employees, and to enforce important rights affecting the public

interest. Plaintiff thereby incurred the financial burden of attorneys' fees and costs, which they are entitled to recover under Code of Civil Procedure § 1021.5.

## TENTH CLAIM

### PRIVATE ATTORNEYS GENERAL ACT

### (AGAINST ALL DEFENDANTS)

78.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 77 as though fully set forth herein.

79.    Defendants have committed several Labor Code violations against Plaintiff, members of the Classes, and other similarly aggrieved employees.

80.    Plaintiff, as an "aggrieved employee" within the meaning of Labor Code § 2698 *et seq.*, acting on behalf of himself and other similarly aggrieved employees, brings this representative action against Defendants to recover the civil penalties due to Plaintiff, the members of the Classes, other similarly aggrieved employees, and the State of California according to proof pursuant to Labor Code § 2699(a) and (f) including, but not limited to $100.00 for each initial violation and $200 for each subsequent violation per employee per pay period for the following Labor Code violations:

(a)    Failing to pay Plaintiff, the Overtime Class, and other similarly aggrieved employees all earned overtime compensation in violation of Labor Code §§ 204, 510, 1194, and 1198 *et seq.*;

(b)    Failing to pay Plaintiff, the Minimum Wage Class, and other similarly aggrieved employees all earned minimum wages in violation of Labor Code §§ 1182.12, 1194, 1194.2, and 1197 *et seq.*;

(c)    Failing to furnish Plaintiff, the Wage Statement Class, and other similarly aggrieved employees with complete, accurate, itemized wage statements in violation of Labor Code § 226;

(d)    Failing to timely pay all final wages and compensation earned by

Plaintiff and the Waiting Time Class, and other similarly aggrieved employees at the time of termination in violation of Labor Code §§ 201 - 203.

(e)     Failing to maintain accurate records on behalf of Plaintiff and members of the Record Keeping Class in violation of Labor Code § 1174.

(f)     Failing to pay rest period premiums to Plaintiff and members of the Rest Period Class at the regular rate of pay in violation of Labor Code §§ 226.7, 516, and 558.

(g)     Failing to pay meal period premiums to Plaintiff and members of the Meal Period Class at the regular rate of pay in violation of Labor Code §§ 226.7, 512, 516, and 558.

81.     On or about May 22, 2013, Plaintiff notified Defendants and the California Labor and Workforce Development Agency ("LWDA") via certified mail of Defendants' violations of the California Labor Code identified in Paragraph 80 (a)-(g) and Plaintiff's intent to bring a claim for civil penalties under California Labor Code § 2698 *et seq.*  Once thirty-three days have passed from Plaintiff giving notice to the LWDA, he will have exhausted his administrative remedies, thereby allowing Plaintiff to commence a civil action against Defendants pursuant to Labor Code § 2699.

82.     Plaintiff was compelled to retain the services of counsel to file this court action to protect his interests, that of the members of the classes, and other similarly aggrieved employees, and to assess and collect the civil penalties owed by Defendants.  Plaintiff has thereby incurred attorneys' fees and costs, which she is entitled to recover under California Labor Code § 2699.

## PRAYER

WHEREFORE, Plaintiff prays for judgment for himself and for all others on whose behalf this suit is brought against Defendants, jointly and severally, as follows:

1.   For an order certifying the proposed Classes;

2.   For an order appointing Plaintiff as representative of the Classes;

3.   For an order appointing Counsel for Plaintiff as Counsel for the Classes;

4.   Upon the First Claim, for compensatory, consequential, general and special damages according to proof pursuant to Labor Code §§ 204, 510, 558, 1194, and 1198;

5.   Upon the Second Claim, for compensatory, consequential, liquidated, general and special damages pursuant to 29 U.S.C. §§ 207 and 216;

6.   Upon the Third Claim, for payment of minimum wages, liquidated damages, and penalties according to proof pursuant to Labor Code § 558, 1194, 1194.2 and 1199;

7.   Upon the Fourth Claim, for compensatory, consequential, general and special damages according to proof pursuant to Labor Code §§ 226.7, 516, and 558;

8.   Upon the Fifth Claim, for compensatory, consequential, general and special damages according to proof pursuant to Labor Code §§ 226.7, 512, 516, and 558;

9.   Upon the Sixth Claim, for statutory penalties pursuant to Labor Code § 226;

10.   Upon the Seventh Claim, for statutory waiting time penalties pursuant to Labor Code § 203;

11.   Upon the Eighth Claim, for civil penalties pursuant to Labor Code §§ 1174 and 1174.5;

12.   Upon the Ninth Claim, for injunctive relief and restitution to Plaintiff and members of the Classes of all money and/or property unlawfully acquired by

Class, Collective and Representative Action Complaint

1   Defendants by means of any acts or practices declared by this Court to be in

2   violation of Business and Professions Code § 17200 *et seq.*;

3       13.   Upon the Tenth Claim, for civil penalties due to Plaintiff, the

4   members of the Classes, other similarly aggrieved employees, and the State of

5   California according to proof pursuant to Labor Code § 2699(a) and (f) including,

6   (1) $50.00 for each initial violation and $100 for each subsequent violation of Labor

7   Code § 558 per employee per pay period plus an amount sufficient to recover the unpaid

8   wages and; (2) $100.00 for each initial violation and $200 for each subsequent violation

9   per employee per pay period for the violations of the Labor Code Sections cited in Labor

10  Code § 2699.5;

11

12      14.   Prejudgment interest on all due and unpaid wages pursuant to

13  California Labor Code § 218.6 and Civil Code §§ 3287 and 3289;

14      15.   On all causes of action, for attorneys' fees and costs as provided by

15  Labor Code §§ 226, 1194 *et seq.*, 2698 *et seq.*, and Code of Civil Procedure §

16  1021.5.

17      16.   For such other and further relief the Court may deem just and proper.

18

19                              Respectfully submitted,

20  Dated:  May 22, 2013           BALTODANO & BALTODANO LLP

21

22                         By:   _____

23                                Hernaldo J. Baltodano

24                                Attorneys for Plaintiff, the Classes and
                                  Aggrieved Employees
25

26

27

28

1

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial with respect to all issues triable by jury.

Dated: May 22, 2013                    BALTODANO & BALTODANO LLP

By: _____
Hernaldo J. Baltodano
Attorneys for Plaintiff, the Classes and
Aggrieved Employees

Class, Collective and Representative Action Complaint

## CONSENT OF PLAINTIFF FABIO GONZALEZ
## RE CONSENT TO SUE

I, Fabio Gonzalez, declare:

1.      I am a Plaintiff in the above-captioned action.  The following is of my own personal knowledge and, if called as a witness, I could and would testify competently thereto.

2.      I hereby consent to be joined in this suit against Universal Alloy Corporation, and DOES 1 to 10 under the Fair Labor Standards Act, 29 U.S.C. §§ 206 *et seq.*, for unpaid overtime wages and other relief available under the Act.

3.      I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 22, 2013 in Los Angeles, California.

Fabio Gonzalez

31

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge James V. Selna and the assigned discovery Magistrate Judge is Michael Wilner.

The case number on all documents filed with the Court should read as follows:

### SACV13- 807 JVS (MRWx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

---

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[_] **Western Division**
312 N. Spring St., Rm. G-8
Los Angeles, CA 90012

[_] **Southern Division**
411 West Fourth St., Rm. 1-053
Santa Ana, CA 92701-4516

[_] **Eastern Division**
3470 Twelfth St., Rm. 134
Riverside, CA 92501

Failure to file at the proper location will result in your documents being returned to you.

---

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself □) | DEFENDANTS |
|---|---|
| FABIO GONZALEZ | UNIVERSAL ALLOY CÓRPÓRATION, a California Corporation; and DOES 1 - 10 |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Hernaldo J. Baltodano, Esq. (SBN 222286); BALTODANO & BALTODANO LLP, 1411 Marsh Street, Suite 102, San Luis Obispo, California 93401; Phone (805) 322-3412; Fax (805) 322-3413; hjb@bbemploymentlaw.com | |

### II. BASIS OF JURISDICTION (Place an X in one box only.)

| | | III. CITIZENSHIP OF PRINCIPAL PARTIES - For Diversity Cases Only (Place an X in one box for plaintiff and one for defendant.) | | | |
|---|---|---|---|---|---|
| | | | PTF | DEF | PTF DEF |
| □ 1 U.S. Government Plaintiff | ☒ 3 Federal Question (U.S. Government Not a Party) | Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business in this State. □ 4 ☒ 4 |
| □ 2 U.S. Government Defendant | □ 4 Diversity (Indicate Citizenship of Parties in Item III) | Citizen of Another State | □ 2 | □ 2 | Incorporated and Principal Place of Business in Another State □ 5 □ 5 |
| | | Citizen or Subject of a Foreign Country □ 3 | | □ 3 | Foreign Nation □ 6 □ 6 |

### IV. ORIGIN (Place an X in one box only.)

☒ 1 Original Proceeding   □ 2 Removed from State Court   □ 3 Remanded from Appellate Court   □ 4 Reinstated or Reopened   □ 5 Transferred from another district (specify):   □ 6 Multi-District Litigation   □ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes □ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☒ Yes □ No    □ MONEY DEMANDED IN COMPLAINT: $

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
29 U.S.C. Section 216; 28 U.S.C. Section 1331

### VII. NATURE OF SUIT (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| □ 400 State Reapportionment | □ 110 Insurance | □ 310 Airplane | □ 370 Other Fraud | □ 510 Motions to | ☒ 710 Fair Labor Standards Act |
| □ 410 Antitrust | □ 120 Marine | □ 315 Airplane Product Liability | □ 371 Truth in Lending | Vacate Sentence Habeas Corpus | □ 720 Labor/Mgmt. Relations |
| □ 430 Banks and Banking | □ 130 Miller Act | □ 320 Assault, Libel & Slander | □ 380 Other Personal Property Damage | □ 530 General | □ 730 Labor/Mgmt. Reporting & |
| □ 450 Commerce/ICC Rates/etc. | □ 140 Negotiable Instrument | | | □ 535 Death Penalty | |
| □ 460 Deportation | □ 150 Recovery of Overpayment & Enforcement of Judgment | □ 330 Fed. Employers' Liability | □ 385 Property Damage Product Liability | □ 540 Mandamus/ Other | Disclosure Act |
| □ 470 Racketeer Influenced and Corrupt Organizations | □ 151 Medicare Act | □ 340 Marine | BANKRUPTCY | | □ 740 Railway Labor Act |
| | | □ 345 Marine Product Liability | □ 422 Appeal 28 USC 158 | □ 550 Civil Rights | □ 790 Other Labor Litigation |
| □ 480 Consumer Credit | □ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | | | □ 555 Prison Condition | |
| □ 490 Cable/Sat TV | | □ 350 Motor Vehicle | | FORFEITURE / | □ 791 Empl. Ret. Inc. Security Act |
| □ 810 Selective Service | | □ 355 Motor Vehicle Product Liability | □ 423 Withdrawal 28 USC 157 | PENALTY | |
| □ 850 Securities/Commodities/ Exchange | □ 153 Recovery of Overpayment of Veteran's Benefits | □ 360 Other Personal Injury | CIVIL RIGHTS | □ 610 Agriculture | PROPERTY RIGHTS |
| | | | □ 441 Voting | □ 620 Other Food & Drug | □ 820 Copyrights |
| □ 875 Customer Challenge 12 USC 3410 | □ 160 Stockholders' Suits | □ 362 Personal Injury- Med Malpractice | □ 442 Employment | □ 625 Drug Related | □ 830 Patent |
| □ 890 Other Statutory Actions | □ 190 Other Contract | | □ 443 Housing/Acco- mmodations | Seizure of Property 21 USC 881 | □ 840 Trademark |
| □ 891 Agricultural Act | □ 195 Contract Product Liability | □ 365 Personal Injury- Product Liability | □ 444 Welfare | | SOCIAL SECURITY |
| □ 892 Economic Stabilization Act | □ 196 Franchise | □ 368 Asbestos Personal Injury Product Liability | □ 445 American with Disabilities - Employment | □ 630 Liquor Laws | □ 861 HIA (1395ff) |
| | REAL PROPERTY | | | □ 640 R.R. & Truck | □ 862 Black Lung (923) |
| □ 893 Environmental Matters | □ 210 Land Condemnation | | | □ 650 Airline Regs | □ 863 DIWC/DIWW (405(g)) |
| □ 894 Energy Allocation Act | □ 220 Foreclosure | IMMIGRATION | □ 446 American with Disabilities - Other | □ 660 Occupational Safety /Health | □ 864 SSID Title XVI |
| □ 895 Freedom of Info. Act | □ 230 Rent Lease & Ejectment | □ 462 Naturalization Application | | □ 690 Other | □ 865 RSI (405(g)) |
| □ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | □ 240 Torts to Land | □ 463 Habeas Corpus- Alien Detainee | □ 440 Other Civil Rights | | FEDERAL TAX SUITS |
| | □ 245 Tort Product Liability | | | | □ 870 Taxes (U.S. Plaintiff or Defendant) |
| □ 950 Constitutionality of State Statutes | □ 290 All Other Real Property | □ 465 Other Immigration Actions | | | □ 871 IRS-Third Party 26 USC 7609 |

**FOR OFFICE USE ONLY:** Case Number: **SACV 13 - 00807 JVS (MRWx)**

### AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No  ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No  ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐  Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐  Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County | |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____  Date May 22, 2013

Notice to Counsel/Parties:  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |